UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

CASE NO. 1:08-cv-489

v.

HON. ROBERT J. JONKER

MICHAEL R. MCALLISTER and
DELORIS E. MCALLISTER,

       Defendant.
_____/

## OPINION

Plaintiff United States of America brings this action to reduce to judgment the unpaid federal tax liabilities of Defendants Michael and Deloris McAllister. (Complaint, docket # 1.) Plaintiff moved for summary judgment on March 12, 2009. (Docket # 10.) On March 18, 2009, this Court issued an order informing Defendants that, under W.D. MICH. L. CIV. R. 7.2(c), they had until April 12, 2009 to file a written response. (Docket # 11.) Defendants have yet to file any response to Plaintiff's motion for summary judgment. After a careful review of the record, the Court considers oral argument in this case unnecessary. *Cf.* W.D. MICH. L. CIV. R. 7.2(d).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); FED. R. CIV. PROC. 56(c). An issue of fact is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 284. In considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The ultimate question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Jones v. Potter*, 488 F.3d 397 (6th Cir. 2007).

## ANALYSIS

Plaintiff's motion for summary judgment sets out in detail Defendants' outstanding federal tax liabilities. The motion includes certified tax assessments for all sums claimed, as well as a sworn declaration verifying those sums. (Plaintiff's Motion for Summary Judgment, docket # 10, Exhibits 1-4.) Additionally, in response to Plaintiff's Request for Admissions, Defendants admitted they were indebted to the Internal Revenue Service for the amounts claimed. (*Id.*, Exhibit 5.) Defendants failed to respond to Plaintiff's motion for summary judgment, and they have not otherwise presented any evidence or argument showing a disputed issue of fact regarding their outstanding tax liabilities. Accordingly, Plaintiff is entitled to summary judgment in this matter. *See* FED. R. CIV. PROC. 56(e) (explaining the opposing party's obligation to respond to a properly supported motion for summary judgment); *see also Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008) (same).

Dated:     May 12, 2009            /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE